```
IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
                        CIVIL DIVISION
```

**GARDEN CITY BOXING CLUB.**, Licensee
of the ROY JONES V. ANTONIO TARVER fight
on NOVEMBER 8, 2003
2380 S. Bascom Ave., Suite 200
Campbell, CA 95008

PLAINTIFF

  V.                                          **CASE NO.**


(1)   JAMES E. ATKINS
      C/O  JEFFERSON GRILL, INC T/A  MACOMBO LOUNGE
      5335 GEORGIA AVENUE, NW
      WASHINGTON, DC 20011

      OR

      125 WEST BAY VIEW DRIVE
      ANNAPOLIS, MARYLAND  21403

(2)   JEFFERSON GRILL, INC T/A MACOMBO LOUNG
      C/O GEORGE A. WRAY, REGISTERED AGENT
      5335 GEORGIA AVENUE, NW
      WASHINGTON, DC 20011

            or
      C/O  JAMES E. ATKINS, PRESIDENT
      [SAME ADDRESSES IN (1) ABOVE]

DEFENDANTS
our file  200601140

            COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, GARDEN CITY BOXING CLUB, INC., ("Plaintiff") complaining of the defendants herein, respectfully sets forth and alleges, upon information and belief, as follows:

## JURISDICTION AND VENUE

1.  This action is brought pursuant to 47 U.S.C. Section 553, et. seq. which allows this suit to be filed in this Court.

2.  This Court has jurisdiction of the subject of this matter of this action because the amount in controversy exceeds $100,000.00 and one or more of the defendants may be found in the District of Columbia.  Furthermore, Title 47 U.S.C. Section 553(c) gives this Court authority to grant the relief requested herein.  Further, the violation occurred at the Jefferson Grill t/a Macombo Lounge located in Washington, DC, on November 8, 2003.

3.  This Court has personal jurisdiction over the parties in this action as a result of the defendants' wrongful acts hereinafter complained of which violated plaintiff's rights as a distributor of the transmission signal of the fight as hereinafter set forth at length.  The defendants' wrongful acts consisted of the interception or tortious conversion of said property of plaintiff within the control of the plaintiff in the District of Columbia.  On information and belief, Defendant James E. Atkins owns the restaurant known as Macombo Lounge (Jefferson Lounge, Inc.).  The violation of Plaintiff's rights

occurred in Washington, DC, at the address shown in the caption of the complaint on or about November 8, 2004.

## THE PARTIES

4. The Plaintiff, Garden City Boxing Club, Inc., is a California corporation.

5. Upon information and belief, the defendant, James E. Atkins, resides at 125 West Bay View Drive, Annapolis, MD 21403 and also operates and owns the Defendant Jefferson Lounge in the District of Columbia and is the President thereof.

6. Upon information and belief, the defendant, Jefferson Lounge, Inc. t/a Macombo Lounge is an active District of Columbia corporation, having its principal place of business at 5335 Georgia Avenue, NW, Washington, DC 20011.

## COUNT I

07. Plaintiff, GARDEN CITY BOXING CLUB, INC., hereby incorporates by reference all of the allegations contained in paragraphs "1" through " 6," inclusive, as though set forth herein.

08. By contract, plaintiff was granted the right to distribute the November 8, 2003, boxing match between Roy Jones and Antonio Tarver and the preliminary events broadcast live (these rights include all undercard bouts and the entire television broadcast.) This broadcast was transmitted via closed circuit television and/or via encrypted satellite signal.

Said event was originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal (hereinafter referred to as the "Program").

09.  Pursuant to the contract, Plaintiff entered into subsequent agreements with various entities in the District of Columbia allowing them to publicly exhibit the Program to their patrons.  None of the defendants entered into a sub-licensing agreement with Plaintiff.

10.  Plaintiff expended substantial monies in consideration of the aforementioned agreement to transmit the Program to those entities in the District of Columbia, which in turn, entered into the agreements with plaintiff to exhibit the Program to their patrons.

11.  Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite or cable signal and did exhibit the Program at the Georgia Avenue, NW, restaurant/bar noted in the caption at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or

private financial gain. This violation of Plaintiff's licensing rights occurred at the Jefferson Grill t/a Macombo Lounge in Washington, DC.

12. Upon information and belief, the defendants and/or their agents, servants, workmen or employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used an illegal cable converter box or device to intercept plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems.

13. Title 47 U.S.C. Section 605(a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff, Garden City Boxing Club, Inc. had the distribution rights thereto.

14. By reason of the aforementioned conduct, the aforementioned defendants willfully violated 47 U.S.C. Section 605(a) and Plaintiff's contractual and licensing rights.

15. By reason of the aforementioned defendants' violation of 47 U.S.C. Section 605(a), plaintiff has a private right of action pursuant to 47 U.S.C. Sections 553(c) and 605.

16. As a result of the aforementioned defendants' willful violation of 47 U.S.C. Section 605(a), plaintiff is entitled to damages, under Title 47 U.S.C. Section 605(e)(3)(C)(i)(II), of up to $110,000.00 against each of the defendants.

17. Pursuant to U.S.C. Section 605, plaintiff is also entitled to an award of full costs, interest, and reasonable attorneys fees against each defendant.

COUNT II

18. Plaintiff hereby incorporates paragraphs "1" through "17," inclusive, as though fully set forth herein.

19. Upon information and belief, defendants and/or their agents, servants, workmen or employees each knowingly modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

20. Title 47 U.S.C. Section 605 (e)(4) prohibits the modification or utilization of a device knowing or having reason to know that it is used primarily in the assistance of the unauthorized decryption of satellite cable programming or direct-to-home satellite services, such as the transmission for

which plaintiff had the distribution rights thereto, or is intended for any other activity prohibited under 47 U.S.C. Section 605(a). Defendants exhibited the Program without authority from the Plaintiff at the Jefferson Grill t/a Macombo Lounge in Washington, DC.

21. By reason of the aforementioned defendants' violation of 47 U.S.C. Section 605(a), plaintiff has a private right of action pursuant to 47 U.S.C. Section 605.

22. As a result of the aforementioned defendants' willful violation of 47 U.S.C. Section 605(a), plaintiff is entitled to damages, under 47 U.S.C. Section 605(e)(3)(C)(i)(II), of up to $110,000.00 as to each defendant.

23. Pursuant to U.S.C. Section 605, plaintiff is also entitled to an award of full costs, interest, and reasonable attorneys fees.

## COUNT III

24. Plaintiff hereby incorporates paragraphs "1" through "23," inclusive, as though fully set forth herein.

25. Upon information and belief, with full knowledge that the Program was not to be received by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees did exhibit the Program at the Jefferson Grille t/a

Macombo Lounge in Washington, DC, at the time of its transmission willfully for purposes of direct or indirect commercial advantage or private financial gain.

26. Title 47 U.S.C. Section 553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which plaintiff had the distribution rights thereto.

27. Upon information and belief, the defendants individually, and jointly and severally, willfully and illegally intercepted said Program when it was distributed and shown by cable television systems. The violation occured at the Jefferson Grill, Inc. t/a Macombo Lounge/Restaurant in Washington, DC.

28. By reason of the aforementioned conduct, each of the aforementioned defendants willfully violated 47 U.S.C. Section 553, thereby giving a private right of action to the Plaintiff.

29. As a result of the aforementioned defendants' willful violation of 47 U.S.C. Section 553, plaintiff is entitled to damages in an amount up to $60,000.00, plus the recovery of full costs, interest, and reasonable attorneys fees against each defendant.

INJUNCTION

30. Upon information and belief, unless restrained by this Court, the defendants will continue to violate 47 U.S.C. 553 et. seq. and 47 U.S.C. 605 et. seq. Moreover, the defendants knew or should have known the unauthorized exhibition of licensed events in a commercial establishment is illegal. Such violations of the Communication Act have caused and will continue to cause Plaintiff irreparable harm. Plaintiff cannot practicably determine the amount of lost revenues resulting from the defendants' unlawful conduct which injures Plaintiff's reputation and goodwill, its ability to attract and finance the future acquisition of quality services, and further impairs its ability to enhance its future growth and profitability. Furthermore, the District of Columbia in which Plaintiff licenses events lose franchise fees as a direct result of defendants' misconduct.

31. Plaintiff has no adequate remedy at law to redress the defendants' violation of 47 U.S.C. 553 and 605.

WHEREFORE, the plaintiff, GARDEN CITY BOXING CLUB, INC., requests that judgments and an injunction be entered in its favor against each of the aforementioned defendants granting to Plaintiff the following:

(a) Declare that defendant's unauthorized exhibition of the November 8, 2003, Roy Jones v. Antonio Tarver Program violated the Federal Communications Act and related state laws and that such violations were committed willfully and for purposes of defendants' direct or indirect commercial advantage or for private financial gain.

(b) On the first cause of action, statutory penalties in the amount of $110,000.00 as to each defendant for their violation of 47 U.S.C. Section 605(a);

(c) On the second cause of action, statutory penalties in the amount of $100,000.00 as to each defendant for their violation of 47 U.S.C. Section 605(e)(4);

(d) On the third cause of action, statutory penalties in the amount of $60,000.00 as to each defendant for their violation of 47 U.S.C. Section 553;

(e) In accordance with Federal Communications Act, enjoin defendants, their agents, servants, employees, affiliated business entities, successors, assigns, and any entities or persons controlled directly or indirectly by them or acting on their behalf from the unlawful exhibition of licensed events, from aiding and abetting or engaging in the interception, divulgence, reception, or display of closed circuit television

programming of Plaintiff and from connecting, attaching, splicing into, tampering with or in any way obtaining Plaintiff's closed circuit signal with plaintiff's express authorization.

(f) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U.S.C. Section 605 (e) (3) (iii) and Section 553 (c) (2) (C), together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Herbert A. Rosenthal (11007)
HERBERT A. ROSENTHAL, CHARTERED
1050--19TH STREET, N.W., #400
WASHINGTON, DC  20006-6101
PHONE:  202-785-9773
FAX:  202-659-3526

October 31, 2006                Attorney for Plaintiff


I:\RILEY\jatkins1.com

Page 13

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

GARDEN CITY BOXING CLUB, INC.

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

HERBERT A ROSENTHAL, CHARTERED
1020-19TH STREET, NW, #400
WASHINGTON, DC 20036-6101
(202) 785-9773

## DEFENDANTS

JAMES E. ATKINS
JEFFERSON GRILL, INC.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CASE NUMBER 1:06CV01877
JUDGE: Ricardo M. Urbina
DECK TYPE: General Civil
DATE STAMP: 11/03/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

● **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☒ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

④

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
47 USC 553 VIOLATION OF TV COPYRIGHT

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 110,000.00    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ⊗

**VIII. RELATED CASE(S) IF ANY** (See instruction)    YES ☐    NO ⊗    If yes, please complete related case form.

DATE 10/31/2006    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

11-3-06

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.