IN THE UNITED STATES DISTRICT OF COURT FOR THE DISTRICT OF
COLUMBIA CIVIL DIVISION

GARDEN CITY BOXING CLUB., Licensee
Of the Roy Jones V. Antonio Tarver Fight
On NOVEMBER 8, 2003
2380 S. Bascom Ave., Suite 200
Campbell, CA 95008

PLAINTIFF

V.

(1) JAMES E. ATKINS
C/O JEFFERSON GRILL, INC. T/A MACOMBO LOUNGE
5335 GEORGIA AVENUE, N.W.
WASHINGTON, DC 20011

OR
125 WEST BAY VIEW DRIVE
ANNAPOLIS, MARYLAND 21403

(2) JEFFERSON GRILL, INC. T./A MACOMBO LOUNGE
GEORGE A. WRAY, REGISTERED AGENT
5335 GEORGIA AVENUE, NW
WASHINGTON, DC 20011

OR
C/O JAMES E. ATKINS, PRESIDENT
C/O JEFFERSON GRILL, INC. T/A MACOMBO LOUNGE
5335 GEORGIA AVENUE, N.W.
WASHINGTON, D.C. 20011

Case No. 1:06CV01877
Judge: Ricardo M. Urbina
Deck Type: General Civil

## DEFENDANT JAMES E. ATKINS AND JEFFERSON LOUNGE, INC., T/A MACOMBO LOUNGE VERIFIED ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Defendants, James E. Atkins ("Atkins") and Jefferson Grill, Inc., trading as Macombo Lounge ("Macombo") by counsel, Andrea M. Bagwell HARMON, WILMOT, BROWN & BAGWELL, LLP, hereby respond to plaintiff's Complaint as follows:

1. Defendants are without knowledge of information sufficient to form a belief as to the allegations contained in paragraph 1 of plaintiff's Complaint. Furthermore, paragraph 1 contains jurisdictional allegations to which no answer is required. To the extent an answer is required, defendants deny and demand strict proof of the allegations contained therein.

2. Defendants are without knowledge of information sufficient to form a belief as to the allegations contained in paragraph 2 of plaintiff's Complaint. Furthermore, paragraph 2 contains jurisdictional allegations to which no answer is required. To the extent an answer is required, defendants deny and demand strict proof of the allegations contained therein.

3. The allegations contained in paragraph 3 of plaintiff's Complaint contains jurisdictional allegations to which no answer is required. In addition, paragraph 3 contains legal conclusions to which no answer is required. To the extent an answer is required, defendant deny the truth of these allegations, except that James Atkins owns the restaurant known as Macombo Lounge and admits that he does business in the District of Columbia. Defendant denies that a violation of plaintiff's rights occurred in Washington, D.C. at the address shown in the caption of the complaint on or about November 8, 2004.

4. Defendants are without knowledge of information sufficient to form a belief as to the allegations contained in paragraph 4 of plaintiff's Complaint. Furthermore, paragraph 4 contains jurisdictional allegations to which no answer is required. To the extent an answer is required, defendants deny and demand strict proof of the allegations contained therein.

5. Defendants, upon information and belief, admit the allegations set forth in paragraph 5 of the Complaint.

6. Defendants, upon information and belief admit the allegations set forth in paragraph 6 of the Complaint.

7. Paragraph 7 contains legal conclusions to which no answer is required. To the extent an answer is deemed to be required, the defendants deny the truth of these allegations.

8. Defendants are without knowledge of information sufficient to form a belief as to the allegations contained in paragraph 8 of plaintiff's Complaint. To the extent an answer is required, defendants deny and demand strict proof of the allegations contained therein.

9. Paragraph 9 contains legal conclusions to which no answer is required. Furthermore, defendants are without knowledge of information sufficient to form a belief as to the allegations contained in paragraph 9 of plaintiff's Complaint. To the extent an answer is required, defendants deny and demand strict proof of the allegations contained therein.

10. Paragraph 10 contains legal conclusions to which no answer is required. To the extent an answer is required, defendants deny the truth of these allegations.

11. Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 11 of plaintiff's Complaint. To the extent an answer is required, defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of plaintiff's Complaint.

13. Paragraph 13 contains legal conclusions to which no answer is required. To the extent an answer is deemed to be required, defendants deny the truth of these allegations.

14. Paragraph 14 contains legal conclusions to which no answer is required. To the extent an answer is deemed to be required, defendants deny the truth of these allegations.

15. Paragraph 15 contains legal conclusions to which no answer is required. To the extent an answer is deemed to be required, defendants deny the truth of these allegations.

16. Paragraph 16 contains legal conclusions to which no answer is required. To the extent an answer is deemed to be required, defendants deny the truth of these allegations.

17. Paragraph 17 contains legal conclusions to which no answer is required. To the extent an answer is deemed to be required, defendants deny the truth of these allegations.

18. Defendants deny the allegations contained in paragraph 18 of plaintiff's Complaint.

19. Defendants deny the allegations contained in paragraph 19 of plaintiff's Complaint.

20. Paragraph 20 contains legal conclusions to which no answer is required. To the extent an answer is required defendants deny the truth of these allegations contained in paragraph 20.

21. Paragraph 21 contains legal conclusions to which no answer is required. To the extent an answer is required defendants deny the truth of these allegations contained in paragraph 21.

22. Paragraph 22 contains legal conclusions to which no answer is required. To the extent an answer is required defendants deny the truth of these allegations contained in paragraph 22.

23. Paragraph 23 contains legal conclusions to which no answer is required. To the extent an answer is required defendants deny the truth of these allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24 of plaintiff's Complaint.

25. Defendants deny the allegations contained in paragraph 25 of plaintiff's Complaint.

26. Paragraph 26 contains legal conclusions to which no answer is required. To the extent an answer is required defendants deny the truth of these allegations.

27. Paragraph 27 contains legal conclusions to which no answer is required. To the extent an answer is required defendants deny the truth of these allegations.

28. Paragraph 28 contains legal conclusion to which no answer is required. To the extent an answer is required, defendants deny the truth of these allegations.

29. Paragraph 29 contains legal conclusions to which no answer is required. To the extent an answer is required defendants deny the truth of these allegations.

30. Paragraph 30 contains legal conclusions to which no answer is required. To the extent an answer ids required defendants deny the truth of these allegations.

31. Defendants are without knowledge of information sufficient to form a belief as to the allegations contained in paragraph 31 of plaintiff's Complaint. Furthermore, paragraph 31 contains legal conclusions to which no answer is required. To the extent an answer is required defendants deny and demand strict proof of the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim to which relief may be granted.

### SECOND DEFENSE

The Complaint is or may be barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

The Complaint is or may be barred, in whole or in part, by the applicable suit limitations in the Statute.

## FOURTH DEFENSE

The Complaint is barred, in whole or in part, because the injuries and damages alleged in the Complaint were caused by the conduct of those other than James E. Atkins and Jefferson Lounge, Inc., including plaintiff, and/or other non-parties to this lawsuit over whom the defendants exercised no control and for whom defendants has no liability.

## FIFTH DEFENSE

The Complaint is barred, in whole or in part, in that plaintiff caused some or all of its claimed damages by its own actions, including, but not limited to, its failure to review the terms and conditions of the license agreement.

## SIXTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of waiver.

## SEVENTH DEFENSE

The Complaint is or may be barred, in whole or in part, by the doctrine of estoppel.

## EIGHT DEFENSE

The Complaint is or may be barred, in whole or in part, by the doctrine of laches.

## NINTH DEFENSE

The Complaint is or may be barred, in whole or in part, by the doctrine of unclean hands.

## TENTH DEFENSE

The Complaint is barred, in whole or in part, because Defendants are not liable to plaintiffs for any cost incurred by plaintiff in connection with this action or any other proceeding.

## ELEVENTH DEFENSE

Defendants reserve the right to assert such additional defenses that may become available or apparent during the course of discovery and thus reserve the right to amend its Answer to assert such defenses.

## TWELFTH DEFENSE

Defendants rely upon all defenses lawfully available to them, including but not limited to those previously asserted and contained herein.

## THRITEENTH DEFENSE

Defendants reserve the right to supplement this Answer at a later time.

## FOURTEENTH DEFENSE

Defendants specifically deny each and every paragraph of the Complaint that alleges liability against this defendant.

## VERIFICATION

I, James E. Atkins, President & Owner, Jefferson Grill, Inc., trading as Macombo Lounge, verify and declare under penalty of perjury that the foregoing is true and correct.

*James E. Atkins*
James E. Atkins, President & Owner, Jefferson Grill, Inc.

1 Jun 07
Date

SS:

Sworn to and Subscribed this __1__ day of __June__, 2007.

My commission Expires: June 19, 2010

*Debra VanNorman*
Notary Public

> DEBRA VANNORMAN
> Notary Public - State of Florida
> My Commission Expires Jun 17, 2010
> Commission # DD 536302
> Bonded By National Notary Assn.

Respectfully submitted

HARMON, WILMOT, BROWN & BAGWELL, LLP

*Andrea M. Bagwell*,
Andrea M. Bagwell #434943
1010 Vermont Avenue, N.W., Suite 810
Washington, D.C. 20005
(202) 783-9100 (telephone)
(202) 783-9103 (facsimile)
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Verified Answer to Plaintiff's Complaint was mailed, postage prepaid, on this 6th day of June, 2007 to:

Herbert A. Rosenthal
Herbert A. Rosenthal, Chartered
1050 19th Street, N.W., Suite #400
Washington, D.C. 20006-6101
(202) 785-9773 (telephone)
(202) 659-3526 (facsimile)

*Attorney for Plaintiff*

_____,
Andrea M. Bagwell