IN THE UNITED STATES DISTRICT OF COURT FOR THE DISTRICT OF
COLUMBIA CIVIL DIVISION

GARDEN CITY BOXING CLUB, Licensee
Of the Roy Jones V. Antonio Tarver Fight
On NOVEMBER 8, 2003
2380 S. Bascom Ave., Suite 200
Campbell, CA 95008

PLAINTIFF

Case No. 1:06CV01877
Judge: Ricardo M. Urbina
Deck Type: General Civil

V.

(1) JAMES E. ATKINS
C/O JEFFERSON GRILL, INC. T/A MACOMBO LOUNGE
5335 GEORGIA AVENUE, N.W.
WASHINGTON, DC 20011

OR
125 WEST BAY VIEW DRIVE
ANNAPOLIS, MARYLAND 21403

(2) JEFFERSON GRILL, INC. T./A MACOMBO LOUNGE
GEORGE A. WRAY, REGISTERED AGENT
5335 GEORGIA AVENUE, NW
WASHINGTON, DC 20011

OR
C/O JAMES E. ATKINS, PRESIDENT
C/O JEFFERSON GRILL, INC. T/A MACOMBO LOUNGE
5335 GEORGIA AVENUE, N.W.
WASHINGTON, D.C. 20011

### DEFENDANT JAMES E. ATKINS AND JEFFERSON LOUNGE, INC., T/A MACOMBO LOUNGE MOTION TO VACATE ENTRY OF DEFAULT

COMES NOW, the Defendants, James E. Atkins ("Atkins") and Jefferson Grill,

Inc., trading as Macombo Lounge ("Macombo") by counsel, Andrea M. Bagwell,

HARMON, WILMOT, BROWN & BAGWELL, LLP, hereby submits this Motion to

Vacate Entry of Default, Or Alternative Relief, and in support thereof submits the sound and just legal points and authorities set forth below.

**Memorandum of Points and Authorities**

I.   **BACKGROUND FACTS**

The plaintiff, Garden City Boxing Co., Inc., filed its lawsuit November 3, 2006 against the defendants, James E. Atkins and Jefferson Lounge, Inc., trading as Macombo Lounge alleging that the Defendants and/or their agents, servants, workmen or employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used an illegal cable converter box or device to intercept plaintiff's broadcast which originated via satellite uplink and then re transmitted via satellite or microwave signal to various cable and satellite systems.

Procedurally, the entry of default was entered on March 27, 2007, however, the ***defendant's registered agent, was not properly served with notice of the Complaint and Summons***. The corporation's Registered Agent is Mr. George Wray, 5335 Georgia Avenue, N.W., Washington, D.C., and Mr. Wray ***was not*** served. The personal copy of the Complaint and Summons addressed to Mr. James Atkins at his principal residence ***as listed on the Complaint***, 125 West Bay View Drive, Annapolis, Maryland 21403 also were not properly served on Mr. Atkins. Moreover, both the registered agent's copy and Mr. Atkins' personal copy of the Complaint and Summons were delivered at the business

address by a process server who alleges that left the Complaint and Summons with an individual "James Young". However, upon investigation, Mr. Young submits that he was not served and that he did not accept service on behalf of the corporation nor for Mr. James E. Atkins.

Mr. Atkins became aware of the Complaint and Summons and the Entry of Default on or about May 17, 2007. As soon as Mr. Atkins was made aware of the information, he retained Counsel and intends to present a meritorious defense to the allegations as plead in the Complaint. Accordingly, the verified Answer was on June 1, 2007 less than two weeks after he was notified of said lawsuit and obtained legal counsel. As the Court is aware, the failure to respond can effectively deprive a party of the opportunity to contest the merits of this case. This result, however, is not necessary.

It is further alleged that defendants intercepted the transmission of a closed circuit telecast of a professional boxing match between Roy Jones and Antonio Tarver on November 8, 2003. It is further alleged that the Defendants broadcasted the event to patrons within Macombo Lounge, a commercial establishment located at 5335 Georgia Avenue, N.W., Washington, D.C. and that the defendant's actions were in violation of Title 47 USC Section 605 of the Communications Act of 1934, 47 USC (hereinafter referred to as the "Statute") and by virtue of its proprietary rights in the Event.

1. **The Simple Fact is that the Plaintiff Itself has Provided No Proof that Jefferson Lounge, Inc., Trading as Macombo Lounge Committed the Violations Alleged Against the Defendants.**

The lack of reliable, probative and admissible evidence presented in this case by the plaintiff in support of its claim thus far strongly suggests that the plaintiff's claim is merit less. No party suffers prejudice to his or her case if the opposing party fails to comply with court rules where that party's claim is merit less, i.e., unjust or frivolous. Moreover, the plaintiff has not suffered any prejudice from defendants' failure to provide an Answer to its Complaint.

2. **The Plaintiff Comes Before the Court With Unclean Hands, and Therefore Is Not Entitled To A Default Judgment.**

If anyone has been prejudiced in this case, it most assuredly is defendants. It is the defendants who the plaintiff is asking this Court to enter an Entry of Default for failure to an Answer to a Complaint that was never lawfully served on defendants Registered Agent, James Atkins.

Although the plaintiff filed its lawsuit against the Defendants in November 2003, the Plaintiff Did Not Properly Serve the Registered Agent, James Atkins, Jefferson Lounge, Inc. It is therefore, self-evident, that it comes before this Court with clear evidence of having unclean hands, and as such, this is a classic case of a party having unclean hands

and just punishment should be imposed so as to deter the plaintiff and its counsel from ever perpetrating a fraud against any citizen of this country and the Court in the future.

## 2. The Reasons Why The Entry of Default of Judgment Against the Defendants Would Be Inappropriate and Unjust Under the Facts and Circumstances of This Case.

The plaintiff's motion for Entry for Default Judgment is unwarranted and unjust under the facts and circumstances of this case. As the Court *in H.F. Livermore Corporation v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 690 (D.C. Cir. 1970)* stated, "...the default judgment must normally be viewed as available *only* when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.

The Defendants meet the requirements for vacating the entry of default under Rule 55[c] which gives the court discretion to set aside the entry of default "for good cause shown, and upon the filing of a verified answer setting up a defense, sufficient if proved to bar the claim in whole or in part". *Restaurant Equipment and Supply Depot, Inc. et. al, v. Osvaldo Gutierrez, et al., 852 A.2d 951 (2004 D.C. App.)* Thus, at a minimum, a party seeking to have the entry of default vacated under Rule 55[c] must do two things: (1) establish good cause for vacating the default, and (2) file a verified answer presenting an adequate prima facie defense. *See Digital Broadcast Corp., 847 A.2d at 389-90; see also Pelkey v. Endowment for Cmty. Leadership, 841 A.2d 757, 759 (D.C.*

*2004)*. Although, we have not squarely defined "good cause", our cases establish that good cause is to be determined "in the light of the circumstances of each case". *Leiken v. Wilson, 445 A.2d 993, 1000 (D.C. 1982)*. In making that determination, this court has always found the moving party's reasons for failing to plead or otherwise defend to be a key consideration. *See Digital Broadcast Corp., 847 A.2d 389*. Here in the matter at hand, the Defendants were not properly served with the Complaint and Summons and moreover, did not learn of the Entry of Default until approximately ten days ago.

Wherefore, the defendants respectfully pray and beseech this Court, in the exercise of good judgment and sound discretion, that it expeditiously deny all relief sought by plaintiff and Vacate the Entry of Default.

Respectfully submitted

HARMON, WILMOT, BROWN & BAGWELL, LLP

_____,
Andrea M. Bagwell #434943
1010 Vermont Avenue, N.W., Suite 810
Washington, D.C. 20005
(202) 783-9100 (telephone)
(202) 783-9103 (facsimile)
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Verified Answer to Plaintiff's Complaint was mailed; postage prepaid, on this ____ day of June, 2007 to:

Herbert A. Rosenthal
Herbert A. Rosenthal, Chartered
1050 19th Street, N.W., Suite #400
Washington, D.C. 20006-6101
(202) 785-9773 (telephone)
(202) 659-3526 (facsimile)
*Attorney for Plaintiff*

_____
Andrea M. Bagwell

IN THE UNITED STATES DISTRICT OF COURT FOR THE DISTRICT OF
COLUMBIA CIVIL DIVISION

**GARDEN CITY BOXING CLUB. Licensee**
**Of the Roy Jones V. Antonio Tarver Fight**
**On NOVEMBER 8, 2003**
2380 S. Bascom Ave., Suite 200
Campbell, CA 95008

PLAINTIFF

Case No. 1:06CV01877
Judge: Ricardo M. Urbina
Deck Type: General Civil

V.

(1) JAMES E. ATKINS
C/O JEFFERSON GRILL, INC. T/A MACOMBO LOUNGE
5335 GEORGIA AVENUE, N.W.
WASHINGTON, DC 20011

OR
125 WEST BAY VIEW DRIVE
ANNAPOLIS, MARYLAND 21403

(2) JEFFERSON GRILL, INC. T./A MACOMBO LOUNGE
GEORGE A. WRAY, REGISTERED AGENT
5335 GEORGIA AVENUE, NW
WASHINGTON, DC 20011

OR
C/O JAMES E. ATKINS, PRESIDENT
C/O JEFFERSON GRILL, INC. T/A MACOMBO LOUNGE
5335 GEORGIA AVENUE, N.W.
WASHINGTON, D.C. 20011

### *AFFIDAVIT OF DEFENDANT JAMES E. ATKINS*

I, James Atkins, being over the age of eighteen (18) years, of sound mind, competent to testify as to the matter contained herein, am personally acquainted with the facts herein and state that they are true and correct.

1. I am the President/Owner of Jefferson Grill, Inc., trading as Macombo Lounge; located at 5335 Georgia Avenue, N.W., Washington, D.C. Macombo Lounge was incorporated in the District of Columbia May 26, 1961. However, I have served as the corporation President since August, 1967.

2. My principal residence is 125 West Bay View Drive, Annapolis, Maryland 21403. I relocated to the state of Florida in November, 2006 where I now temporarily reside at 4286 45th Street South, St. Petersburg, Florida 33711. I have temporarily relocated due to health concerns.

3. I made arrangements for my mail to be forwarded to me here in Florida, however, I have recently learned that the individual I trusted to provide this service is not dependable as I have not been receiving my mail in a timely manner.

4. With respect to my business, Macombo Lounge, I have also directed my staff to provide me with periodic status reports about my business affairs. To my dismay and disappointment, I was not made aware of either the service of the Complaint and Summons nor the Entry of Default until approximately ten days ago, on or around May 17, 2007. Suffice it to say, I am at the mercy of the Court to Vacate the Entry of Default

5. I have filed a Verified Answer and have a meritorious defense in the matter of Garden *City Boxing Club v. James E. Atkins and Jefferson Grill, Inc.*

6. Upon investigation of the matter I swear and affirm that neither I nor any of our employees at Macombo Lounge received or transmitted any communication of the closed circuit telecast of the November 8, 2003 boxing match between Roy Jones and Antonio Traver. Neither I nor our employees at Macombo showed or

ordered the showing of the match without contractual authorization from Garden City Boxing Co., Inc., the alleged exclusive rights owner.

7. On November 8, 2003 the only entertainment offered to our patrons at the establishment was a disc jockey and dancing.

8. There is only one television at the establishment and it is a twenty-one (21) inch screen, Panasonic. Macombo's has never had a big screen television.

9. We did not charge our patrons to see the alleged boxing match.

_____
James Atkins, President/Owner, Jefferson Grill, Inc.

_1 Jun 07_____,
Date

SS:

Sworn to and Subscribed this __1__ day of __June__, 2007.

My commission Expires: June 17, 2010

_____
Notary Public



DEBRA VANNORMAN
Notary Public - State of Florida
My Commission Expires Jun 17, 2010
Commission # DD 536302
Bonded By National Notary Assn.